**PHILLIPS DAYES**
NATIONAL EMPLOYMENT LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
Telephone: 1-800-JOB-LAWS
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiff

### UNITED STATES DISTRICT COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Bond, an individual<br><br>Plaintiff,<br><br>vs.<br><br>City of Phoenix, a municipal corporation;<br><br>Defendant. | Case No.: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff Nancy Bond, for her Complaint against Defendant, alleges as follows:

### NATURE OF THE CASE

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit

employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendants for unlawful failure to pay failure to pay minimum wage in direct violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq.* and for Defendants unlawful failure to pay overtime in direct violation of the FLSA.

4. An employer who fails to properly pay minimum wages to an employee is liable to the employee in the amount of the wages owed, interest on the unpaid wages, and as damages "an additional amount equal to twice the underpaid wages." A.R.S. § 23-364(G).

5. Defendants had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

6. Plaintiff seeks to recover unpaid overtime and minimum wage compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

8. Venue is proper under 28 U.S.C. § 1391(b) because Defendants reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

9. The named Defendants, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

## PARTIES

10. At all times material hereto, Plaintiff was a resident of Maricopa County, Arizona.

11. Defendant City of Phoenix is a municipal corporation located in Maricopa County, Arizona, and is subject to the jurisdiction of this Court.

12. At all relevant times, Plaintiff was an "employee" of Defendant, as defined by 29 U.S.C. § 203(e)(1).

13. The provisions set forth in 29 U.S.C. §§ 206–207 of the FLSA apply to Defendant.

14. At all relevant times, Defendant was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

15. Defendant should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

16. At all times material to this action, Defendant was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

17. Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

18. Defendant is a public agency engaged in the activities of a public agency and is subject to the requirements of the FLSA.

## GENERAL FACTUAL ALLEGATIONS

19. Defendant owns and operates five apartment communities within its municipal boundaries in which it offers housing to senior citizens: Washington Manor, located at 1123 E. Monroe St.; Fillmore Gardens, located at 802 N. 22nd Pl.; Maryvale Terrace, located at 4545 N. Maryvale Pkwy.; Pine Towers, located at 2936 N. 36th St.; and Sunnyslope Manor, located at 205 E. Ruth Ave.

20. Defendant hired a number of its residents to serve in the capacity of a Resident Assistant (herein as "RA").

21. Defendant had two RAs in each apartment complex on staff at any given time and generally scheduled an RA to work twenty-four hours per day for one week, after which the second RA would work twenty-four hours per day for the next week.

22. Defendant expected its RAs to be available and "on duty 24 hours per day, 7 days per week" and to "act on behalf of the office if the manager is not available," to

1  "assist with fire, life, safety and maintenance emergencies and all other management
2  issues."

3      23.   In exchange for the labors and services provided to Defendant, it
4  compensated an RA with payment of the RA's rent, the current fair rental value of which
5  is believed to be $608.00, and additional wages in the amount of $200.00 per month.

6      24.   On information and belief, the fair rental value is greater than the "reasonable
7  cost" of the housing allowance provided by Defendant to the RAs pursuant to 29 C.F.R. §
8  531.33(b).

9      25.   Plaintiff began working for Defendant as an RA in its Maryvale Terrace
10 complex on or about September 1, 2010.

11     26.   Defendant scheduled Plaintiff to work every other week, and she was
12 required by Defendant to be on duty and available twenty-four hours per day for each day
13 during which she was scheduled to work.

14     27.   In her Employment Agreement with Defendant, the City required that
15 Plaintiff perform the following duties:

    a. Follow any directions provided by the Housing, Law, Fire and Police Departments.

    b. Respond promptly to all emergency calls.

    c. Complete incident reports on all unusual or emergency incidents.

    d. Tactfully inform residents of lease violations and report them to the administrative staff.

    e. Coordinate activities with administrative staff and the other

        tenant resident assistants.

   f. Cooperate with all City services and departments, and follow subsequent memoranda from them.

   g. Secure apartments in case of death or lengthy illness.

   h. Conduct security checks of all doors leading to the outside periodically and on an as needed basis.

   i. Conduct security checks of entire area, inside and outside, periodically and on an as-needed basis. Checks must be more frequent on Saturdays, Sundays and holidays.

   j. Lock all doors leading to the outside by the assigned time and permit only individuals with legitimate reason to enter the premises.

   k. Notify emergency maintenance personnel and Housing Program Assistant of any condition which need prompt attention, such as air conditioner failure, major electrical outage, leaking or broking piping, etc.

   l. Report all non-emergency maintenance problems to administrative staff.

   m. Perform light housekeeping duties in public areas, as needed or as directed and maintain the Tenant Resident Assistant's apartment.

   n. Tenant Resident Assistant must live in the project and be responsible for and respond to tenants' legitimate requirements.

   o. Answer City phone in a courteous and timely manner.

   p. Other duties as may be reasonably required.

   q. No personal use of the telephone provided by the Housing Department is permitted.

28. Plaintiff was not allowed to leave the apartment complex during her week on duty.

29. There were many times during Plaintiff's employment that she had to work more than one continuous week. On some occasions, because of a lack of staffing, Plaintiff was forced to work two or more consecutive weeks, not being allowed to leave the premises. From October 2012 through March 2013 and from April 2014 through August 2014, Plaintiff worked that entire period on her own, with no days off.

30. Plaintiff had to stay on site and was constantly woken up from her sleep to deal with safety issues or other emergencies.

31. Plaintiff did not regularly receive five hours of uninterrupted sleep while working as an RA.

32. Defendant paid Plaintiff $200.00 per month and assigned an apartment for her use, believed to have a reasonable cost of less than $608.00 per month.

33. Upon information and belief, as of January 1, 2014, Defendant changed their pay policy and began to pay resident assistants an hourly rate.

34. As of August 2014, Plaintiff's previous contract of employment expired and Defendant began to pay Plaintiff an hourly rate per their new pay policy. As such, the time frame this complaint focuses on is from the beginning of Plaintiff's employment with the City through August 1, 2014.

35. Defendant never paid Plaintiff at one and one-half times her regular rate of pay for hours worked in excess of forty hours per week, nor did Defendant provide Plaintiff with any compensatory time for her time worked in excess of forty hours per week.

36. Plaintiff was a non-exempt employee.

37. Plaintiff had no supervision or management responsibilities.

38. Plaintiff could neither hire nor fire employees.

39. Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out her job responsibilities.

40. Defendants managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

41. Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of the City or its' customers.

42. Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

43. Defendant attempted to create an independent contractor relationship with Plaintiff even though she was an employee of the City.

44. Defendant suffered and permitted Plaintiff to work for Defendant without properly compensating Plaintiff for all her time spent working.

45. Defendant had complete control over the manner in which Plaintiff would complete her work. Plaintiff followed Defendant's strict and rigid requirements for the performance of her work.

46. Defendant had the complete authority to exercise complete control with respect to all details of the employment relationship between the parties.

47. The work Plaintiff performed was not for a finite period of time, Plaintiff has worked for the City in this position for many years.

48. Plaintiff was not allowed to take on any other work while in the employ of Defendant.

49. Plaintiff had no opportunity for profit or loss depending upon her skill as she was paid a consistent wage for the work she did for Defendant.

50. Plaintiff was not given the opportunity to earn more based on her skill.

51. Plaintiff made no investment in equipment to perform her work with Defendant.

52. Plaintiff's work was integral to Defendant's operation.

53. The City operated apartment complexes.

54. Plaintiff's tasks were directly related to the operation of the apartment complexes by ensuring the complexes were safe and monitored 24 hours per day.

55. If Defendant did not employ asset resident assistants, the City's apartment business would cease to operate.

56. Nor was Plaintiff a volunteer under the FLSA.

57. Plaintiff took the position as an RA with the sole intent to be compensated for her time.

58. Plaintiff has no intention to volunteer her services for a charitable or humanitarian cause.

59. Plaintiff was paid more than a nominal fee pursuant to 29 C.F.R. § 553.106(e).

60. From at least September 2010 through August 1, 2014, Defendant failed to properly compensate Plaintiff for any of her overtime hours.

61. During this time, Plaintiff was regularly scheduled to work 168 hours per week she worked for the City.

62. Plaintiff was paid a flat rate for all hours worked and did not include payment sufficient to satisfy Defendant's minimum wage requirements or at a rate of one and one-half times the minimum wage for hours worked in excess of forty hours per week.

63. On information and belief, the records concerning the number of hours worked by, and amounts paid to, Plaintiff are in the possession and custody of Defendant, if any such records were maintained.

64. Defendant's failure or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

65. Defendant refused or failed to properly disclose to Plaintiff her rights under the FLSA.

66. Plaintiff has retained the law firm of Phillips Dayes National Employment Law Firm, P.C., to represent her in this litigation and have agreed to pay a reasonable fee for the services rendered in the prosecution of this action on their behalf.

**COUNT ONE**
**MINIMUM WAGE VIOLATION—29 U.S.C. § 206**

67. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

68. Pursuant to 29 U.S.C. § 206, Defendants were required to pay Plaintiff at least the amount of the federal minimum wage, when those wages were due, for each hour Plaintiff worked.

69. Defendants willfully failed and refused to pay Plaintiff at least the amount of the federal minimum wage when those wages were due.

70. Plaintiff is entitled to collect the difference between the wages she received and the wages due, over the past three years, in an amount to be proved at trial, in addition to liquidated damages in the same amount, together with costs, disbursements, and reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b).

71. Plaintiff has been required to bring this action to recover her federal minimum wages remaining due and unpaid, and her statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor and against Defendants:

   a. Awarding Plaintiff compensation in the amount due for unpaid minimum wages in an amount proved at trial;
   b. Awarding Plaintiff liquidated damages in an amount equal to the award;
   c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);
   d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;
   e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f.  For such other and further relief as the Court deems just and proper.

**COUNT TWO**
**OVERTIME VIOLATION—29 U.S.C. § 207**

72.  Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

73.  While employed by Defendants, Plaintiff regularly worked multiple hours of overtime per week.

74.  Plaintiff was a non-exempt employee.

75.  Defendants have intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

76.  On information and belief, Defendants further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

77.  As the direct and proximate result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

78.  Pursuant to 29 U.S.C. § 216, Defendants are liable to Plaintiff for an amount equal to one and one-half times her regular pay rate for each hour of overtime worked per week.

79.  In addition to the amount of unpaid wages owed to Plaintiff, she is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

80. On information and belief, Defendants' conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

81. Defendants have not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover her overtime compensation, and her statutory liquidated damages, and as the direct and foreseeable result of Defendants' conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a. Awarding Plaintiff overtime compensation in the amount due for all of her time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendants, in an amount proved at trial;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

# COUNT THREE
## MISCLASSIFICATION AS INDEPENDENT CONTRACTOR

82. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

83. Plaintiff's employees' working relationships with Defendants as described above were as employees.

84. Defendants misclassified Plaintiff as an independent contractor.

85. In addition to providing Defendants with presumed justification to violate the FLSA, the misclassification also allowed Defendants not to pay employment taxes, shifting the burden onto the Plaintiff in the form of self-employment taxes.

86. As a direct and proximate result of the misclassification, Plaintiff is entitled to compensation for payment of excess taxes and other lost benefits of the employer/employee relationship.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a. Awarding Plaintiff the difference between the amount that should have been taxed if Plaintiff was classified and the amount that Plaintiff actually paid in self-employment tax.

    b. Awarding Plaintiff liquidated damages in an amount equal to the self-employment tax award;

    c. Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d.  For Plaintiff's costs incurred in this action;

e.  Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts set forth in subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

f.  Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full;

g.  For such other and further relief as the Court deems just and proper.

## COUNT FOUR
## DECLARATORY JUDGMENT

87. Plaintiff incorporates and adopts the preceding paragraphs as if fully set forth herein.

88. Plaintiff and Defendants have an overtime compensation dispute pending.

89. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

90. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

a.  Defendants employed Plaintiff.

b.  Defendants are engaged in an enterprise covered by the overtime provisions of the FLSA.

c.  Plaintiff individually is covered by the overtime provisions of the FLSA.

d.  Plaintiff was not an exempt employee pursuant to the FLSA.

    e. Defendants failed to maintain accurate time records in violation of the FLSA.

    f. Defendants failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

    g. Defendants' failures to pay overtime compensation to Plaintiff were willful.

    h. Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendants at the rate of one and one-half times Plaintiff's regular rate of pay.

    i. Plaintiff is entitled to an equal amount as liquidated damages.

    j. Plaintiff is entitled to recover her costs and a reasonable attorney's fee incurred in prosecuting her claim.

91. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

92. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

    a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

  b. Awarding Plaintiff her reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

  c. For such other and further relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Plaintiff and all similarly situated employees hereby request that, upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

Dated: July 31, 2015

            Respectfully submitted,

            **PHILLIPS DAYES NATIONAL EMPLOYMENT LAW FIRM PC**
            By: /s/ Trey Dayes
              Trey Dayes
              Attorney for Plaintiff